Per Curiam.

The presumption is, that John 31‘Donald waa, in possession of the Provoost lot when he made the confessions which were given in evidence on the part of the defendant. He was in possession 18 years before the trial, occupying and claiming the lot as his own. How much earlier he took possession does not appear; and as nothing to the contrary appears, the jury would have been warranted to presume that he was in possession under a claim of title as early as 1776, when he admitted that "he had been present with the surveyor who run out the line between that and the adjoining lot. His confessions were, therefore, admissible as to the original line, and he repeatedly said, that he was present when the line was run out by the king’s surveyors, and the line set up by the defendant is the line he referred to. This John M‘Do~ nald died in possession, and the lessor of the plaintiff succeeded, as his son and heir, to the possession of the Provoost lot, and in which he has since continued. We are, then, to conclude that the father purchased the Provoost title at an early day, and from the fact of the order of the council, and the original survey by government in 1764, and the recognition o.f it in the patent to M‘Kcnzie in 1765, and the continual and undisturbed possession by the family of the lessor, a patent to Provoost, and a deed from him to the elder M(Donald might even have been presumed for the sake of quieting the possession. (3 Johns. Cas. 118,) In the case of The Mayor of Hull v. Horner, (Comp. 102.) Lord Mansfield held that a grant or charter from the crown, which ought to be by matter of record, might, under circumstances, be presumed, though within time of legal memory, The fact in such a case is presumed for the purpose, and from a principle of quieting the possession, and not because the court really think a grant has been made. The act of the legislature under which the lessor shows a legal title, without the aid of presumption, is nothing more than a release #r quitclaim from the people of this state for their remaining right' *387 (if they had any) to the Provoost lot; and that statute never meant to vest in M'Donald greater rights than he would have had if the patent to Provoost had been on record.
The confessons of M'Donald are, then, conclusive upon the lessor of the plaintiff, and when we add to this that the Provoost and M‘Pherson lots have been held and occupied, for. 41 years previous to the trial, to the line set up by the defendant, and that the occupants on both sides, and especially the ancestor of the plaintiff, and the plaintiff himself, by his act in building a stone wall on that line, have recognised that as the true line, the opinion of the judge at the trial was correct, and that line ought not now to be disturbed.
Motion on the part of the plaintiff to set aside the verdict denied.
Motion denied.