#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF CHESHIRE, MAY TERM,

## A. D. 1828.

---

## ELI BARNARD, and MARY his wife, *versus* THOMAS EDWARDS.

Where a right of dower accrued to a widow in 1797, but she neglected to make any claim of dower until the year 1826, such neglect was held to be competent evidence to be submitted to a jury as proof of a release of the right, although she married again in 1798 and remained a *feme covert* during the residue of the time and had resided out of the state during the whole time.

THIS was a writ of dower in which the demandants claimed the dower of the said Mary, in a certain messuage in Keene, in this county, and they counted upon the seizin of Ezekiel Moore, formerly the husband of the said Mary, during the coverture, and on a demand of the tenant and a refusal by him to assign her dower.

The tenant pleaded in bar that the said Mary on the 2d January, 1798, after the death of the said Moore, her late husband, she being then sole, by deed which is lost by time and accident, released to the tenant her said right of dower.

To this plea the demandants replied, that the said Mary did not release in manner and form as alleged, and thereupon issue was joined.

Barnard et a.    The cause was tried here at October term, 1827, when
      v.        it appeared in evidence, that the said Ezekiel Moore, and
  Edwards.
─────────    the said Mary were married in the year 1783 ; that in
1785, the said Moore being seized of the premises in
which the defendants now claim the dower, conveyed
the same to the tenant ; that in 1790, he went away
to parts unknown, and the said Mary removed from
Keene, where she and her said husband had resided, to
Petersham in Massachusetts. In 1797, the said Moore
died, and in 1798, the said Mary was married to the said
Eli Barnard, her present husband. Since the said Mary
left Keene, as aforesaid, she has resided in Massachu-
setts, New York, Canada and Vermont, but has never re-
turned to reside in this state. This action was commen-
ced on the 2d October, 1826.

A verdict was taken by consent for the demandants,
subject to the opinion of the court upon the foregoing
case.

And it was agreed, that, if the court should be of opin-
ion that it would be competent to a jury to presume a re-
lease of the dower by the said Mary from the facts above
stated, the verdict should be set aside.

*Woodbury* and *Edwards*, for the tenant.

*J. Parker*, for the demandants.

No legal artificial presumption of mere law, absolute
and conclusive, can arise in this case from the lapse of
time. As a natural presumption, to which class it is be-
lieved to belong, or even as a presumption of law, and
fact, the inference is not conclusive, but is to be made by
the jury, and is liable to be rebutted and explained ; and
the testimony offered by the demandants was sufficient
for that purpose.

1st, The commencement and continuance of the ten-
ant's possession was not inconsistent with the deman-
dant's claim.

The ground of presumption of title is the difficulty of
accounting for the possession, without presuming a grant

or other lawful conveyance. 3 Starkie's Ev. 1217. And can never fairly arise where all the circumstances are perfectly consistent with the non existence of a grant. Stearns on Real Actions, 240.

So in case of a trust term to attend the inheritance, the possession of the *cestui que trust*, being consistent with the existence of the term, no presumption against the term, as from an adverse and continued possession, ever arises. 3 Starkie's Ev. 1232.

2d, Mrs. Barnard has never resided in the State since the right accrued.

The terms "beyond seas" have been held to be equivalent to without the limits of the State, in the Supreme Court of the United States, and the Courts of Maryland, South Carolina and Massachusetts.

Part of the time she has been out of the United States, which is within the express words of the saving clause in our statute of limitations.

Presumptions of payment of bonds are of the class of law and fact. 3 Starkie's, 1244.

But payment of a bond is not to be presumed, if the obligor has resided abroad. 1 Starkie's C. 101, *Newman* v. *Newman*. So as to payment of rent reserved by indenture. 16 Johns. Rep. 210, *Bailey* v. *Jackson*. The same principle seems applicable in case of the absence of the obligee.

Shewing a party not in circumstances to pay rebuts presumption. Ld. Mansfield, Cowp. 109.

Revolutionary war, and the confusion consequent upon it, were held proper circumstances to rebut the presumption arising from non payment of interest for more than thirty years. 1 Bay's Rep. 482, *Brewster* v. *Cannon* ; same principle, 11 Johns. 376, *Jackson* v. *De Lancey* ; 10 Johns. 414, *Jackson* v. *Pierce*.

The deprivation which conferred the right in this case —the distance of the residence of the demandant, and consequent difficulty of prosecuting the claim, are strong circumstances to rebut, in point of fact, any presumption of a release.

3, Mrs. B. has been disabled to sue, by reason of coverture, all the term except a few months. This we apprehend is conclusive.

Where a subsequent disability of the plaintiff to sue arises, the period of such disability is, in cases of presumption arising from lapse of time, (though it is otherwise under the statute of limitations,) to be deducted from the twenty years ; and, therefore, if after the cause of action accrued, he becomes alien enemy, the whole time of the continuance of the war must be excluded from the calculation. 16 Johns. Rep. 210, *Bailey* v. *Jackson* S. P. ; 10 Johns. 414.

Being a *feme covert* rebuts a presumption of payment or release, arising from lapse of time, notwithstanding the husband might have enforced it. 3 Conn. Rep. 387, *Lynde* v. *Dennison.*

The cases of *Hogle* v. *Stewart*, 8 Johns. 104, and *Shaw* v. *White*, 13 Johns. 179, are authorities in favor of demandants, inasmuch as neither the counsel or court suggested that there was any presumption to bar the claim.

RICHARDSON, C. J. delivered the opinion of the court.

The question, now presented for our decision, is whether it would in law have been competent for a jury to infer under the circumstances of this case, that Mary Barnard had released her right of dower in the land described in the writ from her neglect to demand it for more than twenty-five years after the right accrued ?

The principle that it may be submitted to a jury to presume a deed from a long continued exercise of a right, and from an acquiescence in such exercise by those whose interest it would be, could it be legally done, to interrupt the exercise of it, has been adopted for the furtherance of justice, for the prevention of litigation, and for the quieting of men's possessions.

It has been the endeavor of all civilized nations in their systems of jurisprudence to give repose to the possession of property, and it has been very justly remarked, that

statutes of limitations "are of the greatest importance inasmuch as they are statutes of repose."

The ground, on which the presumption of a deed is raised, so far as the principle has been applied, is a fair and a reasonable ground of presumption. Experience teaches us, that those, whose legal rights are invaded by others, are in general strongly inclined to vindicate them, and that a desire to enjoy what of right belongs to them very universally prevails among men. And this desire is not at all diminished by seeing others enjoy without right what they know they have a right to enjoy. It is for this reason that long continued possession is evidence of title.

It cannot consistently with the principles, by which men are in general governed, be supposed that a possession founded in wrong will be permitted long to remain undisturbed by those who have right. In particular cases, and under peculiar circumstances, a wrongful possession may sometimes be left to ripen into a perfect title. But in the ordinary current of human affairs these instances must be rare. The presumption of law is, that every man will, in due season, vindicate the possession of his estate against all unlawful intrusions, and nine times in ten the fact will be found to correspond with the presumption. And when an individual for a long time acquiesces in another's enjoyment of an estate to which he apparently has a title, it is certainly not unreasonble to presume that his acquiescence is founded upon a consciousness that he has no right to interfere.

The principle of presuming a grant by deed, where there has been long possession, is therefore, when properly applied, perfectly reasonable in itself, and rests upon grounds entirely safe and satisfactory.

It is fit and proper that he who has been long in the possession of property should have the benefit of this principle. The witnesses of all transfers of property, in the ordinary course of nature, soon pass away and are no

more. All written evidence is liable to decay, to casual loss, to destruction, and spoliation. And if long possession and acquiescence were not holden to be evidence of right, length of possession, instead of adding strength to a man's title, would be continually weakening it.

Nor have those against whom this principle is applied any ground to complain. It can work no prejudice to any man who exercises a proper diligence in the management of his concerns. If men will let their claims slumber, and will neglect to assert them until time has enveloped them in darkness, it may be fairly presumed, that they have chosen darkness rather than light, because their titles were defective. And it is not unreasonable to require them, in such cases, to give a satisfactory explanation why, if they had claims founded in justice, they were not sooner asserted ; and if they fail to do that, to make every presumption against them. If the application of this principle shall in any case work a prejudice to any one, he must attribute it, not to any unsoundness in the rule but to his own carelessness, negligence and inattention.

These are the grounds of the policy on which all the statutes of limitation rest. They are statutes of repose and quiet. And the principle of presuming a grant from long possession has been adopted in analogy to the enactments of the statutes of limitation.

In this state, an uninterrupted adverse possession of land for twenty years is made by statute, in general, a complete bar to every claim of title which can be raised against it.

Such being the law with respect to the land itself, it has been thought reasonable, that the uninterrupted enjoyment of a way over the land, or of stream of water flowing through the close of another for twenty years should afford a presumption of right, and if unexplained be conclusive evidence of a grant.

And it is well settled, that a grant of land may be as well presumed as a grant of an incorporeal hereditament.

10 Johns. 377, *Jackson* v. *M'Call* ; 7 ditto, 12, *Jackson* v. *Schoonmaker* ; 1 Caine's Rep. 84, *Vandyck* v. *Van Beuren* ; 1 Greenl. 17, *Farrar* v. *Merrill* ; 5 B. &. A. 232, *Fenwick* v. *Reed* ; 12 Vesey, 239, *Hillary* v. *Waller* ; 1 Fonbl. 328, note, and 332, note. 5 Taunt. 326, *Joyne* v. *Price* ; 12 Johns, 242, *Jackson* v. *Wood* ; 12 Coke, 4, *Bedle* v. *Beard* ; Cowper, 109, & 110.

If then, in this case, Mrs. Barnard had remained in Keene where the land is, in which she demands dower in this suit, from the the time her first husband died in 1797 down to this day without making any claim her neglect must, for the reasons we have before stated, have been deemed strong evidence, that she had in some way relinquished her right, and if unexplained, perhaps conclusive evidence.

But she left the state before her right of dower accrued and has never returned ; she has also been a *feme covert* during a great portion of the time which has elapsed, since the death of her first husband. It is therefore necessary to consider what influence these circumstances ought to have in the decision of the cause.

As this doctrine of presuming a deed from long possession and acquiescence has been established in analogy to the provisions of the statutes of limitations, we will consider how the law would have been, had Mrs. Barnard been seized of the land, and her husband Moore seized only in her right when he conveyed the land.

The statute of limitations declares that no person shall make any entry into any lands, or shall sue any action for the recovery thereof, unless such person has been seized or possessed thereof within twenty years next before making such entry, or commencement of such suit ; and in default thereof such person shall be forever after excluded from making such entry and maintaining any action for the recovery thereof.

But there is a proviso saving the rights of any person who is a *feme covert*, *non compos mentis*, imprisoned or

without the limits of the United States, for five years after the disability is removed.

Mrs. Barnard, when her right of dower accrued, was within the limits of the United States, and had ceased to be a *feme covert.* Had the fee in this land then belonged to her the statute of limitations would have begun to run against her the moment her husband died. And it is well settled that when the statute once begins to run, its operation is not impeded by any subsequent disability. 4 D. & E. 300, *Duroure* v. *Jones* ; 4 Mass. Rep. 182, *Eager* v. *The Commonwealth* ; 4 Taunt. 826, *Cotterell* v. *Dutton* ; 3 B. & B. 217, *Tolson* v. *Kaye.*

In such a case, then, the time which has elapsed since the death of Moore could have been a bar to any action that would be brought to recover the land, and her right must have been now forever lost.

And if the statute of limitations is founded in sound policy and stands upon any reasonable grounds ; if Mrs. Barnard, had she now claimed a fee and had neglected to claim her inheritance while in the adverse possession of another for twenty years could with any propriety or justice have been precluded from recovering the land, it cannot be unreasonable to hold that her having neglected for twenty-five years after her right accrued to demand her dower, affords a proper ground to presume that she has relinquished her right.

It is true, she has long been a *feme covert,* and there are cases, in which that circumstance might be entitled to great weight in rebutting the presumption of a grant by a woman. For instance, where a husband undertakes to convey land in fee, of which he is seized only in right of his wife, in such a case no presumption of a grant can be raised against the wife by her acquiescence during the coverture, because she is not in a situation and has no power to interfere, and avoid the act of her husband ; and, if she could, it might be his interest to prevent her. But in a case like the present, where, if there was a right

it was equally the interest of the husband and the wife to assert it, the circumstance that Mrs. Barnard has had a husband during a great portion of the time since her right accrued, in stead of weakening, is rather calculated to give additional force to the presumption, that the reason why the claim has not been before made, is, that it had been released.

She has not been a solitary unprotected female, without a friend to advise or aid her, but she has had a husband, whose interest it has long been to enforce this claim, if it has any just foundation.

The circumstance that Mrs. Barnard has resided out of the state does not seem to us to weaken materially the natural presumption, which arises from her long neglect to demand her dower. When her right of dower accrued she was at Petersham, in Massachusetts, at no great distance from the land. And, although she has since resided in NewYork, Canada, and Vermont none of those places is at so great a distance that her right, if she had any, could not have been easily asserted.

And we are on the whole, of opinion, that a jury would have been warranted by the evidence, in presuming a release in this case, as alleged in the plea.

*Verdict set aside and new trial granted.*