# HILLSBOROUGH,

## JULY TERM, A. D. 1847.

---

## PATTEN *v.* FERGUSON & a.

A fact wholly unimportant to the cause cannot be the means of introducing in evidence, as a part of the *res gestœ*, a declaration which of itself is entirely incompetent, because mere hearsay.

TRESPASS, *quare clausum fregit.* Plea, the general issue. The principal question in controversy related to the boundary line between the lands of the parties. Evidence was introduced on both sides to show acts of ownership of the premises in dispute between the lines in controversy, by each of the parties, and their grantors. Among the rest the plaintiff introduced a witness who testified that in the year 1809 he assisted one Gillis in burning a coal-pit upon the premises in dispute, the wood for which was cut upon the land in dispute immediately preceding the burning, and that Gillis at that time told him that he had the wood for the coal-pit of one Joseph Patten, now deceased, under whom the plaintiff claims.

To the admission of this evidence the defendant objected, on the ground that the statements of Gillis thus stated were inadmissible. But the court overruled the objection, and admitted the evidence.

A verdict having been returned for the plaintiff, the defendant moved for a new trial.

*S. D. Bell*, for the plaintiff, cited 5 C. & P. 575; 2 Rawle 226; 3 N. H. Rep. 486.

Patten *v.* Ferguson.

*J. U. Parker,* for the defendant, cited 8 N. II. Rep. 40; 9 N. II. Rep. 271.

PARKER, C. J. The ruling in this case gives to the declaration of Gillis an effect, or rather admissibility, as evidence, which is not ordinarily given to the mere declarations of third persons, respecting the rights or titles of the parties to the suit. The declaration went before the jury as evidence, to some extent, that Patten, under whom the plaintiff claims, had title. As the mere declaration of a third person, it is clearly inadmissible. But it is argued that the declaration is evidence, because Gillis was on the land at the time, making coal, and that the declaration is therefore admissible as part of the *res gestæ.* If the fact was material, and the declaration tended to illustrate it, this would be so; but the fact that Gillis was on the land making coal is of no importance in the case. It is not used to show a title in him by either party. Neither claims any thing under him. He was on the land without pretence of title. The fact of itself it entirely immaterial, and inadmissible for that reason. It does not serve to give significance to this fact, or to explain or illustrate it in any way, so as to render it important, that he said that he had the wood for the coal-pit from one person or another. If he cut the wood by the authority of a purchase from Patten, and it is supposed that this is material as showing an exercise of ownership by Patten, that fact may be proved by the testimony of Gillis, but not by his mere declaration without the sanction of an oath, and with no opportunity for a cross-examination.

The principles which govern this case are well stated in *Downs* v. *Lyman,* 3 N. II. Rep. 486, cited by the plaintiff, although the case is not an authority for him, because there the fact to which the declaration related was, of itself, when rightly understood, of some consequence.

Here it is admitted that neither the fact nor the declaration, standing alone, are evidence; and when put together it is the declaration which is significant, and not the fact. The fact was of no importance, standing alone; and the declaration, standing alone, was incompetent. When they are united, the unimportant fact is used as a vehicle to introduce the incompetent declaration.

*New trial granted.*