CHARLES W. NUTTER AND ANTOINETTA S. F. NUTTER v. FREDERICK
W. DeROCHEMONT.

Where, to an action of assumpsit commenced Sept. 7, 1850, the defendant pleads the statute
of limitations, a replication that the plaintiff at the time her cause of action accrued was an
infant, and so continued until the 7th day of April, 1841, when she was lawfully married
to one Nutter, and from that time to the commencement of her action was a married woman
under the coverture of said Nutter, is bad upon demurrer.
Where the plaintiff, at the time her cause of action accrued and afterwards until her marriage,
was an infant, and, subsequently from the termination of her infancy to the commencement
of her suit, was a feme covert, the two disabilities cannot be connected to extend the time
for commencing her action limited in section 8 of chapter 181 of the Revised Statutes.
Neither the mere fact of an amendment of the plaintiffs' declaration after the making of an aud-
itor's report, where the hearing before the auditor and the report were upon a specification
corresponding with the amended declaration, nor that the defendant has filed an additional
plea, nor that new evidence has been obtained by one of the parties, is necessarily a suffi-
cient cause for the recommitment or rejection of the report.

ASSUMPSIT.  The declaration originally set forth that the defendant,
on the day of the purchase of the writ, being indebted to plaintiffs, who
were husband and wife, in $5000, promised to pay them that sum on
demand.

The writ is dated Sept. 7, 1850.  The plaintiffs filed a specification
Nov. 10, 1851, in which they claim divers sums of money as proceeds
of real and personal estate which, they allege, came into the hands of
defendant as guardian of, or in trust for, said Antoinetta, in Demerara,
in the year 1828.

Defendant pleaded the general issue with notice of set-off, and at Sep-
tember term, 1851, the case was referred to an auditor, and tried before
him without objection till near the close of the hearing, when defendant
objected, among other things, that the items named in the specification
could not be recovered under the declaration.  The auditor made his
report, October term, 1860, and defendant elected a trial by jury.

A trial in another case involving the same facts was commenced be-
fore the jury at April term, 1863, and the plaintiffs offered in evidence
the auditor's report.  The defendant objected to it and to the specifica-
tion as showing a cause of action inconsistent with the declaration; the
specification claiming a promise to the wife while solo and the report
tending to show such a promise.

The plaintiffs then moved to amend their declaration in both cases, to
which defendant excepted, and the case then before the jury was trans-
ferred to the law term.

In March, 1863, the court decided that the declaration was bad and
that the auditor's report did not tend to support it but gave the plaintiffs
leave to amend.

At April term, 1864, plaintiffs offered an amendment striking out
their original declaration and inserting a count alleging promises to the
wife while sole, which was allowed by the court and excepted to by the de-
fendant, and the question was transferred.  In June, 1864, the court
decided that plaintiffs' amendment should be allowed on terms, and
that defendant might plead the statute of limitations.  Sept. 13, 1864,
a plea of the statute of limitations was handed to counsel for plaintiffs,
who objected that it was too late.

At this term defendant moved for leave to amend his pleadings by pleading the statute of limitations. The court allowed the motion without terms, to which plaintiffs excepted. Plaintiffs then filed replications as follows :

1. That cause of action did accrue within .six years next before the commencement of the action upon which the issue was joined.

2. That when said cause of action accrued said Antoinetta was a married woman, under coverture of said Nutter, and so continued till the commencement of the action ; to which defendant rejoined that said Antoinetta was not under coverture when cause of action accrued and issue was joined.

3. That said Antoinetta at time of making said promises was within the age of twenty-one years, and so continued until the 7th day of April, A. D. 1841, when she was lawfully married to said Nutter, and from that time to the commencement of the action she was a married woman under the coverture of said Nutter, concluding with a verification. To this replication defendant demurred and plaintiffs joined the demurrer.

4 & 5. Fraudulent concealment of the cause of action by defendant until within six years before the commencement of the action ; to both of which defendant rejoins, denying concealment, and the issue was joined.

The defendant then moved to commit to an auditor, on the ground that the report previously made is not evidence under the declaration as it now stands, which makes another case from the one tried before the auditor, and because new issues have been raised and new evidence obtained.

It is agreed that the questions arising from the foregoing facts be reserved and transferred for decision to the law term.

Either party may refer to the pleadings, and to the former cases, and the auditor's report.

The questions arising upon the case were reserved.

*Stickney & Christie*, for plaintiffs.

*Rollins & Hatch*, for defendant.

BARTLETT, J.   It is not very important whether the special plea was filed in season under the general rules, as, if not, it was, under the circumstances of the case, within the discretion of the court at the trial term to receive the plea as they did, and there is nothing to take this case from the operation of the general rule, by which such a decision is not ordinarily revisable here.   *Tappan* v. *Tappan*, 31 N. H. 51.

The third replication does not show that the infancy of Antoinetta continued until within two years of the commencement of her suit ; Angell on Lim. 319 ; nor that her coverture existed when the cause of action accrued ; Angell on Lim. 206 ; *Mercer* v. *Selden*, 1 How. 37 ; *Jackson* v. *Wheat*, 18 Johns. 40 ; *Demarest* v. *Wynkoop*, 3 Johns. Ch. 129 ; *Jackson* v. *Swartwout*, 5 Cow. 74 ; and the two disabilities cannot be connected to extend the time limited in sec. 8, chap. 181 of the Revised Statutes ; Angell on Lim. 206, 520 ; *Eager* v. *Commonwealth*, 4

Mass. 188; *Butler* v. *Howe*, 1 Shep. 402; *McFarland* v. *Stone*, 17 Vt. 174; *Griswold* v. *Butler*, 3 Conn. 227; *Clarke* v. *Cross*, 2 R. I. 440; *Thorp* v. *Raymond*, 16 How. 247.

If the report of the auditor stands as accepted the court would hardly commit the case generally to another auditor; *Pollard* v. *Verbeck*, 16 N. H. 436; and the mere fact that a declaration has been amended in some respect cannot be sufficient cause for rejecting or recommitting an auditor's report previously made in the case. Here where the hearing before the auditor and his report were upon the specification, which corresponded with the declaration as subsequently amended, we see no cause, in the mere fact of the amendment, for the rejection or recommitment of the report. *Washington Ins. Co.* v. *Dawes*, 6 Gray 376; and see *Merrill* v. *Mellen*, 24 N. H. 258.

Although upon the new plea new issues are raised, there is nothing in the case to show that they are such as should properly go to an auditor; *Brewster* v. *Edgerly*, 13 N. H. 283; and as the general issue still stands for trial, as far as that is concerned the report of the auditor would seem to be as material as it would have been if the new issues had not been joined; but if the new issues were not passed upon at all by the auditor, that circumstance would take from the report its weight as evidence so far as those issues are involved. *Stone* v. *Aldrich*, 43 N. H. 55. If it be a fact that new evidence has been obtained by the defendant, that alone, without any statement as to its nature or the circumstances under which it was obtained, or of any reason why it was not presented before the auditor, is not a sufficient cause for a recommittal of the report.

The plaintiffs' exception must be overruled, the defendant's demurrer sustained, and his motion to commit the case to the auditor, upon the facts as presented in the agreed case, denied.