## ELIZA ABRAMS, RESPONDENT, v. FRANK RHONER, APPELLANT.

44h    507
70 AD ⁸397

44h    507
80 AD²493

*Specific performance of a contract to convey land — presumption of a conveyance from the lapse of time — what title by adverse possession the court will compel the purchaser to accept — one tenant in common when presumed to hold adversely to his co-tenant.*

In an action, brought by the vendee to compel the specific performance of a contract to convey land, it appeared that the vendor derived title from one Bayard under a deed dated in 1797; that Bayard had conveyed the same premises, in 1771, to other parties than those through whom the vendor claimed title; that there was no evidence that the title acquired by the grantees under the conveyance of 1771 ever passed to Bayard or any other of the vendor's predecessors in title; that the vendor's predecessors in title had been in actual possession since 1797; that neither of the grantees named in the deed of 1771 had ever been in possession of or made any claim to the premises, and that no conveyance by them had ever been found.

*Held,* that the foregoing facts raised a conclusive presumption that the grantees named in the deed of 1771 had reconveyed to Bayard before the latter's conveyance of 1797, or that the conveyance of 1771 never had an operative delivery to the grantees therein named.

Where the title by adverse possession is so clear that the court should direct a jury to find such title, the court will compel a specific performance of a contract where the vendor can give such a title.

One tenant in common may acquire the title of another tenant in common by adverse possession. An ouster will be presumed after an exclusive possession and receipt of the entire profits, with a claim of right to the whole thereof, for twenty-one years.

APPEAL from a judgment entered upon the report of a referee in favor of the plaintiff directing the specific performance of a contract for the purchase of real property.

*Thomas J. McKee* and *Stephen Pfiel,* for the appellant.

*Julius Heidermer* and *James C. De La Mare,* for the respondent.

POTTER, J.:

This is an appeal from a judgment entered upon the report of a referee appointed to hear and determine the issues in the action. The action was brought to compel the specific performance of a contract made between the plaintiff and defendant, on or about the 5th day of December, 1884, for the conveyance in fee simple by plaintiff to the defendant on or about the 29th of December, 1884,

of certain premises in the city of New York, and known and designated as 139 Mulberry street, in consideration of the sum of $13,500, $1,300 of which was to be paid upon the making of the contract and the residue on the delivery of the deed.

The plaintiff alleged and proved that she was ready and willing to convey, and that she tendered a proper conveyance to the defendant and demanded the payment of the balance of the consideration at the specified time and place, and the defendant refused to accept the same, or to pay the balance of the consideration. The defendant contends that the plaintiff had not at that time the ability to convey such title as the contract called for, or that the title that she could convey was not a marketable title. The defendant, under the contract to convey, is entitled to a marketable title. (*Shriver* v. *Shriver*, 86 N. Y., 575.) Is the plaintiff's title defective to the degree that renders it unmarketable? The plaintiff's title rests upon proof of a conveyance from Nicholas Bayard, dated December, 1797, to several parties, and by *mesne* conveyances from the grantees in said deed, and upon an adverse possession thereunder for about one hundred years.

The defects in plaintiff's title, as specified and insisted upon by defendant, are that Nicholas Bayard, the grantor of the premises in the deed above mentioned and under which the plaintiff claims to derive her title, had by a previous deed, dated in 1771, conveyed the premises in question to others than the grantees in the deed of 1797, and that there is no proof of any conveyance of the premises by the grantees, in the deed of 1771, back to the grantor, Nicholas Bayard; that one of the deeds forming the chain of title from grantees under the deed of 1797, and through which plaintiff claims title, viz.: `The deed to Albert I. Terhune from McIntosh and wife, was not sufficiently proved, owing to a defect in the certificate of acknowledgment and that the possession of the plaintiff and her grantors lacked some of the essentials of such adverse possession as constitutes a marketable title. Assuming the referee had found or ought to have found, that Nicholas Bayard was the owner of the premises in question on the 20th of December, 1771, and that upon that day he conveyed them to Philip Livingston and others, there is the undisputed evidence and the fact is found by the referee, that in 1797 the same Nicholas Bayard conveyed these premises to Wil-

liam Houston and Mary his wife, and others, the grantees being the daughters of said Nicholas and the husbands of the two daughters that were then married, and that the plaintiff derives her title through conveyances to her father, who went in to possession of the premises in 1820 under an assessment lease and continued under a deed dated 1834, and that the plaintiff and her grantors have been in the actual possession of the premises from the date of the deed from said Bayard, dated in December, 1797, to the time of making the contract in question; that neither of the grantees under the deed of 1771, nor any of their heirs had ever been in possession or made any claim to the premises in question nor any portion thereof, and that no conveyance by the grantees under the said deed of 1771, or any one of them, was ever found or ever heard of, the presumption must be conclusive, that the grantees named in that deed must have reconveyed to Nicholas Bayard before he conveyed to his daughters and their husbands in 1797, or that the conveyance of 1771 never had an operative delivery to the grantees named therein. (*Woolsey* v. *Morss*, 19 Hun, 273, and the numerous cases referred to in the opinion in that case; *Jackson* v. *McCall*, 10 John., 377; *Jackson* v. *Moore*, 13 John., 516; *Ottinger* v. *Strasburger*, 33 Hun, 468.)

But, aside from this presumption, the plaintiff established a title by adverse possession. These premises have been held by plaintiff and her grantors under claim of title fortified by conveyances to the parties occupying, and in the absence of any hostile claim, practically from the date of the deed from Nicholas Bayard, in 1797, to the date of the commencement of this action. Where the title by adverse possession is so clear that the court should direct a jury to find such title, the court will compel a specific performance of a contract where the vendor can give such a title. (*Ottinger* v. *Strasberger*, *supra;* S. C., affirmed, 102 N. Y., 692; *Shriver* v. *Shriver*, 86 N. Y., 575.) We do not think any point is made in favor of the defendant by the overruling of the objection to the introduction of the deed from McIntosh and wife to Terhune, on the ground of its defective acknowledgment and proof. If the referee had ruled to the contrary and excluded the deed, it would have left the plaintiff and her grantors holding title to four-fifths of the premises by adverse possesion from the date of the deed in 1797, by Nicholas Bayard to Mrs. McIntosh, formerly Eliza Bayard,

or it would have left the plaintiff's title to stand upon this case; that plaintiff had acquired the title of all the grantees under the deed of 1797, except Eliza McIntosh, and to have been a tenant in common with her, and then to have acquired her title by adverse possession; for one tenant in common may acquire the title of another tenant in common by adverse possession. An ouster will be presumed after an exclusive possession and receipt of the entire profits, with a claim of right to the whole thereof, for twenty-one years. (*Florence* v. *Hopkins*, 46 N. Y., 182; *Woolsey* v. *Morss*, 19 Hun, 274, and cases there cited.)

But the deed was properly received as evidence for the purpose of showing that the plaintiff entered and occupied the share of the premises deeded by Nicholas Bayard to Eliza McIntosh under a claim of title from her and her husband. To constitute an adverse possession it is not necessary that the title or deed under which the claim is is made is rightful; the party need not produce and prove the deed under which he claims, and, if when produced, it is defective as a deed, as for want of a seal or otherwise, it will not destroy the effect of the party's possession. (*Bradstreet* v. *Clarke*, 12 Wend., 674) and cases cited. An illustration of this principle is shown in conveyances by a pretended agent or attorney. If the power to convey did not exist, in fact, or was a forgery, yet it is sufficient to give color to the grantees' claim of title and stands upon the same footing as a genuine deed or a deed under a valid power. (Id.) The grantee in the deed from McIntosh and wife was in possession in 1834, and gave to said McIntosh a mortgage to secure the purchase money of the portion of the premises purporting to be conveyed by McIntosh and wife to him, and which mortgage was afterwards paid and satisfied. This afforded proof, at least by way of admission and recognition, that McIntosh and wife had parted with whatever title they ever had when they accepted a mortgage from Terhune as the mortgagor and owner, to secure the purchase of premises formerly owned by McIntosh and his wife, and would conclude their heirs and their privies, and form at least the beginning of an adverse possession good against all persons, from the date of the mortgage as well as before Terhune and his wife and children, including the plaintiff, had occupied the premises until the commencement and trial of the action.

Under the facts of this case we have not thought it necessary to examine whether the certificate of the proof of the execution of the deed from McIntosh and wife was strictly in conformity to the statute at the date thereof. Under the circumstances of this case, if such proof was necessary the court would allow a liberal construction of the certificate. ( *West Point Iron Co.* v. *Reymert*, 45 N Y., 703 ; *Canandarqua Academy* v. *McKechnie*, 19 Hun, 62, and cases cited.)

Judgment should be affirmed, with costs.

Van Brunt, P. J., and Lawrence, J.. concurred.

Judgment affirmed, with costs.