Hellum v. Kidder Peabody & Co.          CV-92-259-B    06/28/93

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

James Hellum

    v.                                    Civil No. 92-259

Kidder Peabody & Co., Inc.


**O R D E R**


The plaintiff, James Hellum, ("Hellum") brought this action against the defendant, Kidder Peabody & Co., Inc., ("Kidder Peabody") claiming that Kidder Peabody, acting as Hellum's broker, breached certain contractual obligations and duties of due diligence by failing to advise Hellum as to the income tax ramifications of his investments.  Kidder Peabody has moved for summary judgment claiming that the action is barred by the statute of limitations.  Hellum responds that the statute of limitations was tolled when he became incompetent after his cause of action accrued.  Since this action is governed by New Hampshire law, and since the New Hampshire Supreme Court has held that a disability will only toll a statute of limitations when that disability existed at the time the cause of action accrued,

I will grant Kidder Peabody's Motion for Summary Judgment (document no. 15).

## FACTS

Hellum retired from Eastern Airlines on February 1, 1985. Shortly thereafter, he received a lump sum distribution of $448,249.89 from the Eastern Airlines' Variable Retirement Plan for Pilots. When he received his distribution, Hellum was notified that $379,658.34 of his retirement distribution was taxable, but could be "rolled over" into a tax-deferred individual retirement account within 60 days to avoid current taxation.

On June 17, 1985, Kidder Peabody, acting as a broker, invested a substantial portion of Hellum's retirement distribution, purchasing 375 shares of a tax-exempt securities trust for a combined price of $400,612.50. At some point prior to April 5, 1986, Hellum learned from his accountant that his investment in the securities did not constitute a proper "roll over" of his retirement distribution and thus did not defer his tax liability. Accordingly, on April 13, 1986, Hellum executed and filed his tax return for the 1985 tax year, with the

additional tax liability of $96,630 on the taxable portion of the retirement distribution.

On December 20, 1989, Hellum was placed under the guardianship of Dwayne and Bonnie Breckbill by the Belknap County Probate Court. This guardianship was not removed until April 13, 1993. On April 28, 1992, the Breckbills, acting as guardians for Hellum, commenced this action against Kidder Peabody, alleging breach of contract and negligence for failing to properly roll over Hellum's retirement distribution.

## DISCUSSION

Summary judgment is appropriate when material facts are undisputed and the moving party is entitled to judgment as a matter of law. Rodriguiez-Garcia v. Davila, 904 F.2d 90, 94 (1st Cir. 1990)(citing Fed. R. Civ. P. 56 (c)). In the present case, there are no material facts in dispute. The parties agree for the purposes of this motion that Hellum's action accrued no later than April 13, 1986, the day on which he prepared and filed his 1985 tax return. Further, the parties agree that Hellum did not become disabled until December 20, 1989, after he learned of the existence of his cause of action. The parties also agree that

3

RSA 508:4 is the applicable statute of limitations and that this action was not commenced until April 28, 1992, more than six years after the accrual of Hellum's original cause of action. Thus, the parties agree that this claim will be barred by the statute of limitations as a matter of law unless the general statute of limitations was tolled, pursuant to RSA 508:8, because of Hellum's mental disability.

RSA 508:8 provides that "an infant or mentally incompetent person may bring a personal action within two years after such disability is removed." The statute does not explicitly require that the disability exist at the time the cause of action accrues. However, viewing the statute in its historical and common law context, I find that RSA 508:8 does so require.

Although the New Hampshire Supreme Court has not yet determined whether RSA 508:8 tolls the statute of limitations where a disability arises after the cause of action accrued, the court has answered this question when construing a predecessor statute. In Nutter v. DeRochemont, 46 N.H. 80, 81 (1865), the Court determined that a woman's marriage after her cause of action accrued did not toll the statute of limitations pursuant to Revised Statutes of 1842, Chapter 181, which provided that

4

"any infant, married woman, or insane person, may commence either of the personal actions aforesaid within two years after such disability is removed." The statute construed in <u>Nutter</u> was amended several times and recodified as RSA 508:8. Since the current statute is identical to its predecessor in all respects material to the issues presented here, I see no reason to read into RSA 508:8 an interpretation which the Legislature chose not to give it. Therefore, I determine that <u>Nutter</u> is controlling and that summary judgment should be awarded to the defendant because the statute of limitations has run.[1]

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 28, 1993

cc:  Donald J. Williamson, Esq.
     Philip T. McLaughlin, Esq.

_____

[1] I further note that the interpretation given to the statute in <u>Nutter</u> is consistent with the general rule followed in American and English courts dating back to the time of King Henry VII. <u>See</u> <u>Barnard v. Edwards</u>, 4 N.H. 321, 328 (1828); <u>McDonald v. Hovey</u>, 110 U.S. 619, 629 (1884) (noting general rule that "no disability will postpone the operation of the statute unless it exists when the cause of action accrues; and that when the statute begins to run no subsequent disability will interrupt it").