The cause stood continued nisi for advisement, and at the succeeding March term in Suffolk, the opinion of the Court was delivered to the following effect by
Sewall, J.
[After stating the evidence admitted at the trial.] Against this evidence of the father’s declarations the demandant objects, on the ground that they are of the nature of hearsay evidence, and are the words of a party to the supposed deed, who, when speaking them, had an interest in declaring as he did.
The ground of admitting this evidence was, that the witnesses spoke to the fact, that declarations had been made by the father, which declarations were inconsistent with the claim and title of the demandant; were made at a time when no controversy existed respecting the land now in question; and were made by the person occupying the land relative to the nature and extent of his oceu pancy and title.
The evidence objected to has some analogy to a sort of evidence sometimes received, and justified by the authorities; particularly the declarations of tenants respecting their occupancy, when the seisin of the proprietor, or the extent of his boundaries, or of the appendages of his estate, are in * dispute ; (20) [ * 708 ] and one case has been cited, where a conversation of a supposed tenant, respecting her payment of rent, was given in evidence to prove the seisin of the party to a fine, under which a defendant in ejectment claimed title, although it was decided by the court that the tenant herself was an incompetent witness, because liable for the mesne profits. (21) And it may be observed that, generally, declarations of persons not on oath, when admitted as evidence, are taken as facts in themselves, from which presumptions may arise for or against the facts in controversy. And the evidence objected to in the case at bar seems, at the first view, to be competent for the like purpose.
But no case has been found where the declarations of a supposed grantor, or party in an instrument, and who may be considered as interested, at the time, to declare in the particular manner testified to, have been admitted, even for the purpose suggested. And although we find precedents, in controversies respecting last wills, of declarations by the supposed testators received in evidence, (22) yet we find no instance of the declarations of grantors in deeds admitted as evidence, under circumstances in many respects similar.
And upon the whole, although the other facts' appearing in this case leave very little doubt of the justice of the verdict, yet, as the *620 competency of the evidence excepted to is not supported by any ■ of the authorities we have examined, we think the verdict must be set aside, and

A new trial granted.

Note. — At April term, 1809, upon a trial before Sewall, J., a verdict was again found for the tenants, upon which judgment has been rendered.

 Walker vs. Broadstock, 1 Esp. Rep. 458. — Auriol & Al. vs. Thomas, 2 Term Rep. 53. — Hindly vs. Rickarby, 5 Esp. Rep. 4.

 Fostor vs. Williams, Cowp. 62.

 Cowp. 52.