NEW-YORK,
May, 1810.

JACKSON, *ex dem.* BURR and O'REILLY, *against* SHEARMAN.

JACKSON
*v.*
SHEARMAN.

THIS was an action of ejectment for 50 acres of land, in *Cambridge*, being part of lot No. 3. in the second survey of lot No. 77. in the patent to *Colden* and others. The cause was tried at the *Washington* circuit, in *June*, 1809, before Mr. Chief Justice *Kent*.

At the trial, a witness for the plaintiff testified, that about four years before, a person went into possession, under a lease for a year, from *O'Reilly*, and continued in possession nearly a year and a half, when he was ordered to quit, by the overseers of the poor of *Cambridge*. He accordingly left the premises.

It was further proved, that *O'Reilly*, and those under him, had been in possession for twelve years, having entered under a claim of title in his own right.

The defendant proved, by parol, that *O'Reilly* was married to *Amy Peters*, sister to the defendant, and who claimed the lot previous to her marriage. That she died two years before, without children by *O'Reilly ;* that *Benjamin Potter* once owned the premises, and about 30 years before, had sold them to *Aaron Burr*, and gave him a durable lease, reserving an annual rent of one shilling *per* acre ; that 20 years before, *Burr* assigned his lease to *Henry Shearman*, who assigned it to his daughter, *Amy Peters*, about 16 years before ; but the assignment contained no words conveying an estate of inheritance ; that *Amy Peters* was in possession before her marriage with *O'Reilly*, and that after her marriage he went to live with her on the premises.

The lessor of the plaintiff admitted, that *notice* was given to him previous to the circuit in 1808, at which the cause was before noticed for trial, to produce the lease, with the assignments upon it, at the trial ; and

Where the defendant, in an action of ejectment, previous to the circuit in 1808, gave notice to the lessor of the plaintiff to produce a certain lease in the possession of his attorney, at *the trial,* and the cause was not tried until a subsequent circuit, in *June*, 1809, when the lease not being produced, being then in the court of chancery; it was held, that the notice was not confined to the circuit of 1808, but extended to the time of trial, whenever it should take place; and that as it did not appear but that the plaintiff might have produced it at the trial, the defendant might give *parol* evidence of its contents.

The acknowledgments, or confessions, of a party, as to title to real property, though they may be good to support a tenancy, or to satisfy doubts in cases of possession, yet they are not to be received against written evidence of title.

that the lease was then in possession of the plaintiff's attorney, but was now, in 1809, in the court of chancery.

It was further proved that *O'Reilly* was seen erasing something on the back of a lease, and that on the back of the lease in question, there was an appearance of an erasure of some writing.

The plaintiff then proved, that *Henry Shearman* had said to a person, in *March*, 1799, that *O'Reilly* had a good lease for ever of the premises, at one shilling *per* acre; that he had given a lease to his daughter, and he did not doubt she had given one to *O'Reilly*.

There was a verdict, by consent, for the plaintiff, subject to the opinion of the court.

*Crary* and *Shepherd*, for the plaintiff.

*Foot*, contra.

*Per Curiam.* Assuming that the plaintiff made out, in the first instance, a *prima facie* evidence of good title, the validity of the defence turned upon the point of the competency of the *parol* proof of the lease and its assignments. The lease belonged to the plaintiff, upon the statement of the case, and was in his possession previous to the circuit in 1808. Notice was given to him, previous to that circuit, to produce it *upon the trial.* The cause was not tried until the circuit in 1809, but the effect of the notice was not spent. It applied to the trial, without reference to the time. It does not appear, that the cause was noticed for trial in 1808; and if it had so appeared, it would not have destroyed the effect of the notice, in reference to a subsequent circuit, unless it had appeared that the notice was special, and confined to that particular circuit.

The object of the notice was general, and to inform the plaintiff that the lease in his possession would be

wanted upon the trial; and whenever the plaintiff noticed the cause for trial, he was bound to furnish the lease, or abide by the consequences.

If, after such notice given, the plaintiff had parted with the lease, he ought to have apprized the defendant of it, so that he might know where to look for it. In this case, the lease was in the court of chancery; but as it does not appear by what means it came there, we must presume it was placed there at the instance of the plaintiff, and was liable to be withdrawn upon his application. For the purposes of the notice, it was still to be considered as under his control, and in his possession.

If the *parol* proof was admissible, then the defendant showed that *O'Reilly* had no title. His wife had only a life estate, and after her death the title under the lease reverted back to *Henry Shearman*, under whom, as his son and heir, the defendant possessed.

The next point in the case is, as to the acknowledgments of *Henry Shearman*. These acknowledgments of the party, as to title to real property, are generally a dangerous species of evidence; and though good to support a tenancy, or to satisfy doubts in cases of possession, they ought not to be received as evidence of title. This would be to counteract the beneficial purposes of the statute of frauds. The extent of the title transferred from *Shearman* to his daughter, and from her to *O'Reilly*, rested upon higher evidence than upon *parol* proof of acknowledgments by the party. It rested upon the written assignments of the lease, and the legal evidence of the extent and effect of these assignments ought to prevail.

The court are, therefore, of the opinion, that judgment ought to be given for the defendant.

Judgment for the defendant.