### IN THE

# SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF GRAFTON, NOVEMBER TERM,

## A. D. 1827.

### JOSEPH SHEPHERD *versus* SAMUEL THOMPSON.

The declarations of deceased persons, as to the boundaries of lands, are not admissible when it appears that they had, from their situation, an interest to make the declarations.

When depositions are taken abroad in another state, it must be shown to the court that the person by whom the depositions were taken, was a person duly qualified, before the same can be admitted as evidence.

Where the evidence of a party went to the jury in depositions intermixed with testimony, which was incompetent, and which the court had ordered to be erased, but which was not erased, this was held to be a legal cause for a new trial.

A notice to the adverse party of the taking of depositions under a dedimus ought to state not only the day, but the hour, when they will be taken.

THIS was an action of trespass for breaking and entering the plaintiff's close in Holderness, and was tried here upon the general issue, at May term, 1827.

The dispute between the parties was in relation to the dividing line between the *locus in quo*, and the defendant's adjoining close. On the part of the defendant, it was contended that a certain white oak was the boundary between the closes, and to prove this the defendant offered sundry depositions, in which it was testified that elderly persons, now deceased, and others at the time in possession of the close which the defendant now claims, but now deceased, showed the said oak to the deponents as

Shepherd
*v.*
Thompson.

the corner boundary between said closes. To the admission of this evidence the plaintiff objected, but it was admitted.

One of the depositions of the defendant was taken under a commission issued from this court to take depositions in the state of New York, to which the plaintiff took two exceptions. 1st, That it did not appear that the person who took the deposition had any authority to take depositions, or that he was a justice of the peace, or notary public.

2nd, That the notice of the taking of the said deposition did not specify any particular hour, but stated that the deposition would be taken between the hours of eight of the clock in the forenoon and five of the clock in the afternoon, but the deposition was admitted in evidence.

Some of the depositions, which the defendant offered in evidence, contained matter clearly inadmissible, and the court ordered the same to be erased ; but the counsel of the defendant suffered the said depositions to go to the jury without any erasure of the said matter.

The jury having returned a verdict in favor of the defendant, the plaintiff moved the court to grant a new trial, on the ground that inadmissible evidence had been submitted to the jury.

*Bell*, for the plaintiff.

*Bartlett*, for the defendant.

RICHARDSON, C. J. Several exceptions have been taken to the evidence, which was submitted to the jury in this case. In the first place, it is objected that the defendant was permitted to offer to the jury the declarations of persons deceased, who at the time were in possession of the land he claims, that the oak to which he claims was the true boundary between the lots. The true rule on this subject is stated by Philips in his treatise on Evidence, 182. "In questions, upon a boundary, &c. declarations, as to the common opinion of the place, made by deceased persons, who from their situation had

the means of knowledge and no interest to misrepresent, <span>Shepherd<br>v.<br>Thompson.</span>
have been generally considered as admissible."

This rule is supported by many authorities, which show the extent to which it has been applied and also its limitations. 10 Johns. 377, *Jackson* v. *M'Call* ; 4 Mass. Rep. 702, *Bartlett* v. *Delprat* ; 6 Johns. 19, *Jackson* v. *Shearman* ; 4 ditto, 230, *Jackson* v. *Bard* ; 15 ditto, 234, *Jackson* v. *M'Vey* ; 5 B. & A. 223, *Doe* v. *Pettett* ; 2 Pick. 536, *West Cambridge* v. *Lexington* ; 1 Camp. 367 ; 1 Johns. 339, *Waring* v. *Warren* and 159, *Jackson* v. *Vredenburgh* ; 15 East, 32 *Doe* v. *Robson* ; 14 ditto, 323, *Doe* v. *Thomas* ; 7 ditto, 279, *Roe* v. *Rawlings* ; 2 D. & E. 53, *Davies* v. *Pierce* ; Cowper, 621, *Doe* v. *Williams*.

In the case now before us, it does not appear whether those whose declarations were admitted were in possession as owners or as occupants under others ; nor is it material. For whether they were the one or the other, it must be presumed to have been their interest to extend the boundaries of the lot, and their declarations in favor of their interest were clearly not evidence. We are therefore of opinion that this testimony was inadmissible.

Another objection to the evidence introduced by the defendant, relates to the deposition taken under a commission in the state of New York. There is a rule of this court that "the clerk of the court in the county where any action is pending, may issue a commission to take depositions in the vacation, which commission shall be directed to any justice of the peace, notary public, or other officer legally empowered to take depositions or affidavits in the state or county where the deposition is to be taken." Now it is in the first place objected to the deposition that it does not appear that the person who took the same was a justice of the peace, notary public, or any other officer empowered to take depositions in New York. And we think that this objection is well founded. It has always been the uniform practice of the court to

require evidence that the person who took the deposition was duly qualified, whether it were taken under our statute, or under a commission. Slight evidence has often been deemed sufficient, but no deposition taken abroad has ever been received, unless by consent of the opposite party, without such proof.

In the next place it is objected, that no legal notice of the time of taking the deposition was given. Our statute regulating the taking of affidavits out of court, provides that in the notice shall be expressed " the day, hour, and place of taking the same." We have no doubt that in all cases some particular hour should be named. The form of the notice in this instance is not according to the usual practice, and seems to have nothing in it to recommend it to our favorable consideration. If such a notice can be deemed legal, a party may be kept in attendance upon the person before whom he is notified to appear, from nine in the morning until five in the afternoon, before any thing is done. This is neither convenient nor reasonable, and cannot receive the sanction of the court.

One further objection to the defendant's evidence is, that some of it went to the jury in his depositions intermixed with testimony which was clearly incompetent, and which the court had ordered to be erased. This objection is in our opinion well founded. Depositions are often taken in a manner that deserves the severest reprehension. Magistrates are often employed for the purpose, who are wholly incompetent to discharge the duty ; and the attornies, under whose directions depositions are taken not unfrequently seem to have no conception whatever of the points in issue between the parties. And thus sheet after sheet of questions and answers are produced, nine tenths of which are either impertinent, irrelevant, or incompetent testimony. Depositions thus taken deserve no credit whatever, and ought to have no weight in the decision of a cause.

And the court feels itself bound, when it has ordered improper testimony to be struck from a deposition, to hold the party to a strict compliance with the order. In this case testimony which the court had ordered to be erased went to the jury. What weight it may have had with them we cannot say ; but we do not feel ourselves at liberty to presume that it could have had no weight.

For the several reasons before stated, we are of opinion that the verdict in this case must be set aside and

*A new trial granted.*