*Rules of court* 28 STEELE *vs.* STONE & a.

Under the rule of court, where a commission issues to an individual in another government to take depositions, proof that the person commissioned is an acting magistrate, or notary public, is *prima facie* evidence of his authority to take depositions.

CASE. Under the 18th rule of court, authorizing the clerk of the court to issue a commission to take depositions, appli-

cation was made, and a commission issued to Hollis Smith, esquire, of Lenoxville, in Lower Canada.

Mr. Smith executed the commission, and the deposition to be used in the case was taken before him. On the trial, the plaintiff offered the deposition in evidence, and proposed to prove that Smith, at the time the deposition was taken, was an acting justice of the peace in the province of Lower Canada.

To the admission of the deposition the defendant objected, on the ground that there was no competent evidence that the magistrate was duly authorized to take depositions. The court ruled that the deposition was inadmissible. A verdict was returned for the defendants, and the plaintiff moved for a new trial, on account of the improper rejection of testimony.

*Young*, for the plaintiff. It is sufficient *prima facie* evidence, to show that constables, sheriffs, military officers, and justices of the peace, are acting officers in those capacities, unless where suit is brought directly against them, for the exercise of such power, or they are plaintiffs in the suit. 2 *Stark. Ev.* 4, 26, 426 ; 7 *Johns.* 549, *People* vs. *Collins ;* 9 *Ditto* 145, *McInstry* vs. *Tanner ;* 3 *N. H. Rep.* 408, *Moore* vs. *Graves ;* 9 *Mass.* 231, *Fowler* vs. *Bebee ;* 4 *N. H. Rep.* 214, *Shepard* vs. *Thompson.*

*Fletcher*, (with whom was *Wells*,) for the defendants. It does not follow that a justice of the peace has authority to take depositions ; he may or may not have this power. He must not only be an acting magistrate, but duly qualified for the caption of depositions. Evidence of acting officers is not sufficient in a foreign government. 3 *Johns.* 310, *Delafield* vs. *Hand ;* 3 *East* 221, *Henry* vs. *Adey ;* 16 *Mass. R.* 370, *Regulæ Generales ;* 6 *N. H. Rep.* 567, *Mahurin* vs. *Bickford.*

Steele *v.* Stone.

UPHAM, J.* In the case, *Shepard* vs. *Thompson*, 4 *N. H. Rep.* 213, a deposition was offered in evidence which was taken in the state of New-York, under the rule of this court which is now in force, providing "that the clerk of the court may issue a commission to any justice of the peace, notary public, or other officer legally empowered to take depositions or affidavits in the state or county where the deposition is taken."

Exception was taken to the deposition, that it did not appear that the individual selected had any authority to take depositions, or that he was a justice of the peace, or notary public; and the court held the objection to be well founded.

Mr. Chief Justice Richardson remarks, that it has always been the uniform practice of the court to require evidence that the person who takes a deposition is duly qualified. "Slight evidence," he says, "has often been deemed sufficient; but no deposition, taken abroad, has ever been received without some evidence on this point, unless by consent of the opposite party."

In this case, evidence is offered that the individual appointed to take the deposition was an acting justice of the peace in the province of Lower Canada. This we hold sufficient *prima facie* evidence that the depositions were taken before a magistrate duly qualified for this purpose.

A justice of the peace, or notary public, is presumed, under the rule of court, to be authorized to take depositions; and this power need not be affirmatively shown; but if a commission issued to any other officer, to whom the presumption would not attach, the authority to take depositions must appear. The commission "must be directed to a justice of the peace, notary public, or *other* officer [who is] legally empowered to take depositions."

Under this construction of the rule, it is only necessary to show that the person appointed commissioner is an acting magistrate; and his power to take depositions is implied until the contrary appears.

---

* WOODS, J., having been of counsel, did not sit.

In Maine, where a commission issues to a judge, or magistrate of another state, to take depositions in a cause pending in their courts, the official certificate of the judge, or magistrate, is received as *prima facie* evidence of his authority. 5 *Greenl.* 9, *Clement* vs. *Durgin.*

*Verdict set aside and new trial granted.*

