## PIKE *vs.* HAYES.

Declarations by a deceased owner of land, made during the time of the ownership, relating to its boundary, are evidence against persons claiming the land by title derived from him.

A husband owned land in his right, and his wife owned land adjoining in her own right. The parties to the suit were their children; and after the death of the parents the plaintiff became the owner of the land of the husband, and the defendant became the owner of that of the wife. In an action of trespass *qu. cl. fr.*—*held*, that the declarations of the wife, before and after the death of her husband, showing where the boundary was between the lands, were admissible in evidence against the defendant.

Statements by a married woman, where the boundary is between her land and that of her husband, are not presumed, after their decease, to have been made under coercion by him, in the absence of any proof to that effect, and there being at the time no controversy about the boundary.

*Semble*, that a woman may testify to facts affecting the interest of her deceased husband, her knowledge of which was not derived from her position as his wife.

TRESPASS *quare clausum fregit.* Plea, the general issue.

The plaintiff and defendant were children of Elihu and Betsy Hayes, both deceased, who lived on a farm, part of which belonged to the husband in his right, and a part of it belonged to the wife in her right. The plaintiff owned the land of the husband, and the defendant owned that of the wife, and the question in controversy was, whether the acts were done on the land of the wife, or on that of the husband. In connection with other testimony to show the boundaries of the respective lots, the defendant introduced evidence of the declarations of the wife, made at various times, and to different persons, during the lifetime of her husband and since his death, showing that her land did not extend far enough to comprehend the *locus in quo,* but that it was on the land of her husband. There was no evidence of any controversy or difference of opinion about the boundary at the time, or that her declarations were made in the presence of her husband, or that she was in any way influenced by him to make them.

The plaintiff objected to the evidence of the declarations, but they were admitted by the court; and the verdict hav-

ing been returned for the defendant, the plaintiff moved that it be set aside on account of the admission of the evidence.

*Hale*, for the plaintiff.

*Christie*, for the defendant.

GILCHRIST, J.   The declarations of Mrs. Hayes do not come within the description of declarations against interest. When she made them, there was no controversy about the boundaries of the respective lots.   No person set up any claim to the *locus in quo* which she was called upon to resist, nor did she admit that the land of which she was in possession belonged to another.   They were not declarations against her interest, unless it be against the interest of a landholder to admit that his land has any boundaries whatever. They were simply statements where the boundary was between her land and that of her husband, and they were nothing more.   She knew where the boundary was, probably, and had no motive to make a mis-statement about it.   If admissible, they must be so on some other ground than their probability derived from their being against her interest.   The effect of her declarations was, that they tended to prove that the land which her heirs claimed by descent from her, did not belong to her ; but they might have that effect without coming within the legal definition of declarations against interest.

But the evidence was admissible on another ground.   It was a statement by a deceased owner of land, where her boundary was, and as such it binds her and her privies.   A declaration by a person in possession that he held as tenant to the devisor, is binding upon all claiming under the tenant. *Holloway* vs. *Rakes*, cited by *Buller, J.*, 2 *T. R.* 55.   Copies of a bill and answer in a suit by a vicar for tithe hay against S. L., then occupier of the close, and from whom the defendant purchased, denying the vicar's right, and setting up a right in the ancestors of the plaintiff, upon which the

vicar abandoned the suit, were holden to be evidence against the defendant. *Countess of Dartmouth* vs. *Roberts,* 16 *East* 334. In *Jackson* vs. *Davis,* 5 *Cowen* 129, it is stated by *Sutherland, J.,* as a general position, that a party is as much affected by the acts and acknowledgments of his predecessors as though they were his own. To the same effect are the cases of *Jackson* vs. *Bard,* 4 *Johns.* 230; *Jackson* vs. *Myers,* 11 *Wend.* 553; *West Cambridge* vs. *Lexington,* 2 *Pick.* 536, and *Doe* vs. *Pettett,* 5 *B. & A.* 223. In *Jackson* vs. *McCall,* 10 *Johns.* 377, the point now before us is expressly settled. It was there held that a statement by a deceased owner of land, under whom the plaintiff claimed, where the boundary was between his land and that of the defendant, was evidence for the defendant. This decision does not conflict with the case of *Shepherd* vs. *Thompson,* 4 *N. H. Rep.* 213. There the defendant offered evidence that persons, at the time in possession of the close which the defendant claimed, showed an oak tree as the boundary of the close; but the evidence was held incompetent, on the ground that it must be presumed to have been their interest to extend the boundaries of the lot, and their declarations in favor of their interest were not evidence. But in that case there was no privity between the former occupants of the land and the party against whom their declarations were offered, and that fact sufficiently distinguishes it from the present case. We are of opinion that the declarations of Mrs. Hayes were competent to be submitted to the jury, unless there be some objection to them on account of her being a married woman at the time some of them were made.

As all the declarations went to the jury without discrimination, it is necessary to inquire whether those made during coverture were admissible. It did not appear that they were made in presence of her husband, or that in making them she was influenced by him. That she was not under s influence in respect to them, appears from the fact that she

made the same declarations after his death. If they should be rejected, it must be on the ground that a wife, in all her statements which could by possibility affect the interests of her husband, must be presumed to act under coercion. It has been held that a wife, accompanying her husband in the commission of a crime, is presumed to act under his coercion, and consequently without any criminal intent. *Rex* vs. *Knight*, 4 *C. & P.* 116 ; *People* vs. *Davis*, 1 *Wheeler's Cr. Cas.* 230. But we do not understand that the presumption of coercion extends far enough to embrace a case like this. Professor Greenleaf states that the rule excluding the testimony of a wife is analogous to that which excludes confidential communications made by a client to his attorney. *Section* 338. Such seems to have been the opinion of the court in the case of *Coffin* vs. *Jones*, 13 *Pick.* 213, although the point was not necessary to the decision of the case. There is no reason why the wife, after the death of her husband, should not state facts which came to her knowledge from other sources, and not by means of her situation as a wife ; and her knowledge of the boundary in this case she did not procure from her husband. But it is enough for this case to say that her declarations are like the declarations of any other owner of land, and binding upon her privies, there being no presumption that they were made under coercion ; and if there were, it would be sufficiently rebutted by the fact that she repeated them after the death of her husband.

*Judgment on the verdict.*