## KENNETT'S PETITION.

Statutes which prescribe new rules for the decision of existing causes of action are retrospective, and therefore unconstitutional and inoperative in such cases.

An affidavit which says, "I am confident that a petition was presented to the selectmen before any petition was filed in court," is not sufficient evidence of that fact. It does not shew personal knowledge of the existence of the petition, nor its loss, nor due inquiry where it should be found.

Objections to the jurisdiction or to the regularity of the proceedings on petitions for highways, must be taken early, or they will be regarded as waived.

Fourteen days notice of the laying out of highways to towns and corporations is sufficient.

It is not necessary to state the width of a new road in a petition.

Petitioners for a new road are not admissible as witnesses at the hearing before the road commissioners, if then objected to.

Landowners, over whose land a new highway is proposed to be laid out, are admissible as witnesses at such hearing if they have not made themselves parties to the proceeding.

Where a road is laid out *along the line* of a man's land, but not *over* it, no damages can be awarded to him.

THE facts in this case are stated in the opinion of the court, delivered by

BELL, J. This is a petition for a new highway in the town of

Ossipee. It is dated October 1st, 1848. Notice was ordered as of May term of the court of common pleas, 1849, and the petition was referred to the road commissioners at November term, 1849. No action was had by the road commissioners until September, 1850.

At the June session of the Legislature, in 1850, an act was passed, providing that when the road commissioners have laid out any highway, they shall inquire if it will be unduly burdensome to the town in which it is laid out, and if any town in the vicinity will be benefited by it, and if they are of that opinion, requiring them to give notice to such town, and, after a hearing, to impose part of the expense on such neighboring town.

Notice having been given on the 25th and 28th of September to the town of Ossipee and to the land owners, the commissioners met on the 22d of October, 1850, heard the parties who were present, and laid out the road.

They then state in their report, that they considered, &c., and were of the opinion that the road would be excessively burdensome to Ossipee, and would be beneficial to Effingham, (which had been thus far no party to the proceedings,) and they therefore appointed a hearing November 21st, 1850, and notified Effingham and Ossipee on the 5th and 6th of November. Both towns appeared and were heard, and the road commissioners adjudged that Effingham should pay one hundred dollars of the expense of building the road, and thirty dollars of the cost of laying it out.

At November term, 1850, of the court of common pleas, exceptions were taken to the report of the commissioners and transfered to this court.

The first exception taken in the case is, that the statute of 1850 is, as to this petition, which was pending before its passage, a retrospective law, prescribing a new rule for the decision of a civil cause. And we think it comes within the principle which declares all such laws void and inoperative, as to all existing cases. In *Woart* v. *Winnick*, 3 N. H. Rep. 481, it was held, that the twenty-third article of the bill of rights, prohibiting the

making of retrospective laws for the decision of civil causes, was intended to prohibit the making of any law prescribing a new rule of decision, so as to change the ground of the action or the nature of the defence. In *Dow* v. *Norris*, 14 N. H. Rep. 19, it was held, that whenever a law is made, affecting the decision of an existing cause of action, it is in its nature retrospective. The same doctrines are found in *Roby* v. *West*, 4 N. H. Rep. 287 ; *Clark* v. *Clark*, 10 N. H. Rep. 386, and *Greenlaw* v. *Greenlaw*, 12 N. H. Rep. 200.

Whatever may be the language of the legislature, we are bound to presume that they intended to keep within the limits of the constitution, and to restrict the operation of statutes to cases where they may have effect consistently with the constitution. The omission of a proviso restricting their application to future cases may well be attributed to the settled and well known construction given by the courts, which confines the operation of new statutes in such cases to new causes of action. So much of the report as relates to Effingham must therefore be rejected.

On the part of Ossipee, it is objected, that no petition was presented to the selectmen of that town for the laying out of this road, though the road sought lies wholly in Ossipee. Kennett's affidavit is the only evidence in relation to the subject. He says, " I am confident that a petition was presented to the selectmen of Ossipee to lay out said highway, before any petition was filed in court." We think this affidavit insufficient to show that any such petition was presented. It does not show that Kennett had ever seen or personally known of the existence of any such petition. It is incompetent as secondary evidence of the petition, because it does not show the loss of the paper, or any inquiry whatever for it, at those places where it ought regularly to be found. But this objection is in its nature merely preliminary. It is an objection to the jurisdiction of the court, and should regularly be taken before the reference of the petition, whether we regard the convenience of the parties or of the court. It would be little less than a fraud for a town to suffer petitioners to proceed, and incur all the expenses of laying out a new

road, when they were aware of a fatal defect in the proceedings, and designed to avail themselves of it. Every such objection, by the well settled practice of the court, must be deemed to be waived, if the party does not avail himself of it at the outset, and at the time within which objections to the jurisdiction must be made in other cases.

Ossipee objects that due notice of the hearing before the commissioners was not given to that town. They contend that, by analogy to the law providing for the service of writs on towns and corporations, and of orders of notice made by the court of common pleas, thirty days notice is required. But we think this question is settled otherwise by the language of the Revised Statutes, chap. 51, § 2, which provides that the road commissioners shall give notice to the selectmen of each town, &c., in the same manner as the selectmen are required to give notice to the owners of land, and that notice is fourteen days. Rev. Stat., chap. 49, § 2. The notice was therefore sufficient.

It was also objected, that the laying out does not follow the prayer of the petition, the road being laid out three rods wide, while the petition did not designate any width. This objection seems to us not well founded. It is not necessary to name any width in a petition. A road has necessarily some width, and what that shall be, is a matter to be determined by the road commissioners. A petition asking for a road of suitable width would be sufficient, and an omission to state any width implies the same thing.

It is also objected, that some of the petitioners, and some of the land owners through whose lands the road was laid, were admitted as witnesses, though objected to, and their fees taxed as such. In the case of *Watts* v. *Derry*, 2 Foster's Rep. 498, it was decided that a petitioner is not admissible as a witness upon a hearing before road commissioners, if he is objected to at the time, but the objection cannot be made afterwards. In *Hampstead's Petition*, Rockingham, December term, 1849, it was held, that persons whose interests may be affected by the laying out of a new highway, are not necessarily parties to the proceeding;

but they may become such, if they think proper. Land owners are admissible as witnesses, if they have not made themselves parties. The objection founded on the admission of the petitioners as witnesses is well founded, and for that cause the report must be set aside.

The last exception, that no damages are awarded to J. Bradley, is new. The road is not laid out *over* his land, but is laid *along his line.* It is contended that before the laying out he was chargeable with half the expense of making and maintaining the fence against his neighbor; henceforth he must maintain the whole against the highway. Upon examination of the Revised Statutes, we can find no provision for the allowance of damages to any persons but the owners of lands over which the new highway is laid. If the case requires a remedy, it is not with the court.

*Report set aside.*

*Hobbs* and *Sanborn,* for the petitioners.

*L. D. Sawyer,* for Ossipee.

*Dearborn,* for Effingham.

