### BENJAMIN COIT v. SEYMOUR HOWD.

The declarations of the vendor of a chattel, (who is still living, and a competent witness, made before the sale, and without the knowledge of the purchaser, that he had previously sold the chattel to another person, are inadmissible, against the purchaser, in evidence of such prior sale, although made to one in whose keeping the chattel was, and accompanied by a request to keep it for such other person.

TRESPASS for taking and driving away a yoke of oxen. Plea, the general issue, with a specification of property in the defendant.

At the trial in the court of common pleas, at March term 1852, it was proved that the defendant took the oxen from the possession of the plaintiff at the time stated in the declaration. The plaintiff claimed title to the oxen under a purchase from Jesse Hall, on the 20th of June 1850, at Colebrook, Connecticut. The defendant claimed title under an alleged purchase from Hall in the latter part of April 1850.

There was evidence that Joel Howd, the father of the defendant, sold the oxen to Hall in 1849, reserving the use of the same for one year, which had not expired on the 20th of June 1850; that the oxen remained on the farm, and in the use and possession of Joel till said 20th of June, when the plaintiff took them

Coit *v.* Howd.

away, claiming them under said purchase; and that Joel was present at the sale to the plaintiff, and then consented to give up his lien upon the oxen.

Joel Howd testified, that about the last of April 1850, Hall and the defendant came to his house; Hall wished to sell the oxen to the defendant; they all went to the barn where the oxen were; and Hall and the defendant entered into a negotiation about the purchase, in the presence of Joel; Hall asked $100, and the defendant offered $95. At this point of the negotiation, the witness left Hall and the defendant at the barn, and went away, and did not return till evening, when Hall and the defendant had left; and the witness did not then know the result of the negotiation.

The defendant then offered to prove that Hall, about the 1st of May 1850, told Joel Howd that he had sold the oxen to the defendant at the time of said negotiation in April, and that he wished him to keep the oxen for the defendant. There was no evidence that Joel had ever authorized the defendant to take the cattle from the plaintiff. The defendant also offered to prove, by two other witnesses, that, in April 1852, they had talked of buying said oxen of Hall, and that Hall, early in May 1850, told them that he had sold the oxen to the defendant and had received his pay.

*Mellen,* J. ruled that the evidence, offered to show the declarations of Hall, was incompetent as tending to prove a sale to the defendant, and rejected it. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to this ruling.

This case was argued at September term 1853.

*M. Wilcox,* for the defendant, cited 1 Cow. and Hill's Notes to Phil. Ev. (3d ed.) 265 – 289; *Austin* v. *Sawyer,* 9 Cow. 39; *Brattle Square Church* v. *Bullard,* 2 Met. 363; 1 Greenl. Ev. §§ 189, 190; *Land* v. *Lee,* 2 Rich. 168; *Walcott* v. *Keith,* 2 Foster, 212; *Milford* v. *Bellingham,* 16 Mass. 108.

*W. G. Bates,* for the plaintiff.

THOMAS, J. It is important to observe at what stage of the cause, and for what purpose, the evidence was offered. The taking of the oxen from the possession of the plaintiff, on the

day alleged in the declaration, had been proved. The defendant must therefore rely upon the strength of his own title. He undertook to prove a sale to himself from Jesse Hall; to do this, he proved a negotiation between himself and Hall, in the latter part of April 1850, in which Hall offered to sell the oxen for $100, and the defendant offered to give $95. At this stage in the conversation, no bargain having been made, the witness left. That is, the witness failed to prove any sale. The defendant then offered to show, by the same witness, that about the first of May 1850, the witness had a conversation with Hall, and that Hall then told the witness, that at the time of the previous negotiation in April he sold the oxen to the defendant, and then requested the witness to keep the oxen for him. In other words, the defendant offered to prove a sale to himself by the declaration or admission of the vendor in the country, the vendor then living and a competent witness.

It is not offered to throw a cloud upon the title of the plaintiff, but to establish a title by purchase in the defendant, and it was as evidence offered for this purpose that it was excluded. It was but hearsay evidence, and as such inadmissible, unless it can be clearly shown to be within some of the well known exceptions to the rule which excludes that species of testimony. The rule is founded in obvious wisdom, and upon elementary principles. The exceptions have grown out of the exigencies of particular cases, and are not to be multiplied or extended. There is, indeed, little occasion for this under the statute rule, by which the objection to the competency of the witness by reason of interest is removed. *Sts.* 1851, *c.* 233, § 97; 1852, *c.* 312, § 60.

In the case at bar, Hall was a perfectly competent witness, and knew and could state whether, in April 1850, he made a sale to the defendant. And the plaintiff was entitled to the best evidence which the case afforded, the testimony of Hall under oath, and with the opportunity of cross examination, as to the time when, and the terms upon which such sale, if any, was made to the defendant, unless under some well established exception to the general rule, Hall's declarations in the country were competent evidence; and we know of no such exception.

It is said by the learned counsel of the defendant, that the plaintiff derives his title from Hall, and stands in his place, and that Hall's declarations, made before the sale, to the plaintiff, are admissible to show a prior sale to the defendant. It is true the plaintiff derives his title from Hall, and must take it subject to all liens existing when he purchased; but it by no means follows, that having shown, by legal proofs, a sale and delivery of the oxen by Hall to himself, and possession under such sale, the defendant can establish a prior sale to himself by declarations of the vendor in the country. Nor does a purchaser of a chattel stand simply in the light of an assignee of a chattel or chose in action, who succeeds only to the title as it stood at the time of the transfer, qualified, it may be, by any previous admissions of the assignor in disparagement of his title. That rule extends only to cases where the assignee is the legal representative of the assignor, or has acquired title with actual notice of the state of the title of the assignor, as qualified by such admissions, or where, perhaps, he had purchased under such circumstances of suspicion as would be equivalent to actual notice. The purchaser for a good consideration, and without notice, stands rather in the light of the indorsee of a promissory note negotiated before its maturity, and to him may be applied the remark of Parke, J. in *Woolway* v. *Rowe*, 1 Ad. & El. 116 : " The right of a person holding by a good title is not to be cut down by the acknowledgment of a former holder that he had no title." We think that it is equally clear upon the authorities that the declarations of the vendor were inadmissible to prove a sale to the defendant. *Bartlet* v. *Delprat*, 4 Mass. 702. *Clarke* v. *Waite*, 12 Mass. 439. *Baker* v. *Briggs*, 8 Pick. 122. *Lyman* v. *Gipson*, 18 Pick. 422. *Thomas* v. *Waterman*, 7 Met. 227. *Pocock* v. *Billing*, 2 Bing. 269, and 9 Moore, 499. *Barough* v. *White*, 4 B. & C. 325, and 6 Dowl. & Ryl. 379. *Ross* v. *Knight*, 4 N. H. 236. *Hurd* v. *West*, 7 Cow. 752. *Whitaker* v. *Brown*, 8 Wend. 490. 1 Greenl. Ev. § 190.

The case of *Brattle Square Church* v. *Bullard*, 2 Met. 363, cited by the plaintiff, by no means sustains the admissibility of the evidence offered of the admission of the sale by Hall. The

title of Samuel Spear to the pew, which was the subject of con·
troversy in that case, was sought to be established by an adverse
exclusive possession of more than twenty years, on the part of
Spear, and those claiming under him. That Spear used the
pew was proved; but it was contended that as Mrs. Dunbar, who
was the owner of the pew before Spear, was a near relative and
lived in his family, his occupation was permissive and not ad·
verse. In this posture of the case, the declarations of Mrs.
Dunbar, then deceased, that she had sold the pew to Spear, were
admitted not as evidence of a sale, for the court negatived such
inference, but as evidence that the actual possession of Spear
was adverse and under a claim of title. It will be observed that
the declarations admitted were those of a deceased owner, and
not of one who was herself a competent witness.

The defendant also contended that the declarations of Hall to
Howd in May were connected with, and explanatory of the pre-
vious negotiation in April, and were a part of it. The doctrine
of the *res gestæ* has been a convenient shelter for many legal
anomalies, but is hardly broad enough to cover this. All we
legally know of the transaction in April is, that the parties were
negotiating. That the negotiation ripened into a bargain was
not proved. What Hall stated to the witness in May was a nar-
rative of what took place in April, when the witness was not
present. The declarations in May are the sole evidence of the only
material fact, that there was a sale. They were not declarations
contemporaneous with the thing done and qualifying and giving
character to it. They were only a narrative of what had been
done.

It is suggested, that the direction, given to the witness by Hall,
to keep the oxen for the defendant, was an act, and that the
declaration of a previous sale was admissible as part of the *res
gestæ*. It is difficult to see how the direction itself is competent
evidence of a sale to the defendant; but if it were, the declara-
tion by Hall, of what had taken place at any prior time, between
himself and a third person, is no part of the *res gestæ*, but simply
a narrative of a past transaction. The rule excluding hearsay
evidence would be of little value, if the direction of Hall, to

keep the property for the defendant, being admitted, not as a declaration, but as an act, a thing done, you might attach to that direction a narrative by Hall of a past transaction of sale. It would be in effect attaching the principal to the incident, and the substance to the quality. *Stiles* v. *Western Railroad,* 8 Met. 44. *Haynes* v. *Rutter,* 24 Pick. 242 ; and cases before cited.

It may be added, that upon the defendant's own hypothesis, the evidence offered was the declaration of one having no interest in the property when the declaration was made, in relation to a past event, the declarant being alive and a competent wit-ness.                                    *Exceptions overruled.*