### Abel W. Baker & Wife *v.* Joseph Haskell.

The deposit of a deed with a third person is not a good delivery to the grantee, if the grantor continues till his death to have the right to recall the deed from the depositary, although the grantor may not have intended to retain such right, and does not exercise it.

The grantor can recall the deed at any time before delivery to the grantee, unless such an arrangement has been entered into between the depositary and the grantee as creates a privity between them.

Declarations of an ancestor are admissible against those claiming as his heirs at law.

Declarations of a grantor, made subsequently to the grant, are not admissible against his grantee.

Writ of entry for one undivided eighth part of a farm in Marlborough, and a parcel of land in Troy and Jaffrey. Plea, *nul disseizin.*

The plaintiffs claimed in right of the wife. It appeared that she and the defendant were two of the eight surviving children of Joseph Haskell, who died in possession of the premises on the 19th of April, 1865.

The defendant claimed under a deed from Joseph Haskell to himself, bearing date October 20, 1856, recorded May 13, 1865. To prove the execution of the deed, the defendant introduced one of the subscribing witnesses, who testified that the deed was signed by Joseph Haskell in his presence, to the hand-writing of the other subscribing witness, and that he, as a justice of the peace, certified the acknowledgment of the deed; that Joseph Haskell, Jr., the defendant, was not present when the deed was signed and witnessed. To prove the delivery of the deed, the defendant introduced Dr. Abiel M. Caverly, who testified as follows : "I lived in Troy, in 1856, and till 1863, when I moved to Pittsford, Vt., and was quite well acquainted with Mr. Joseph Haskell. When he first introduced the subject of this deed, he said that his son, the defendant, who had recently got married, had said to him that he felt as if he ought to make some arrangement of his property, so that he might know what he was to have. He said, he is my only son, and bears my name, and I always meant to do well by him, but I don't know how he will use property. Here is a writing in his favor. It is for him, but I don't want him to have it in his hands just now; I want you to take it and keep it in your possession till a proper time to produce it. If I keep it in my hands, I don't know who will get hold of it. That is pretty much all he said on that subject. He made a few remarks in re-

lation to three of his children.   He said he had assisted them.   He spoke in particular of Mr. Thompson.   He said he had given him considerable, but it was of no use, and that he might say about the same of Nutting and Jackson.   Thompson, Nutting and Jackson had married three of his daughters.   I carried the writing home and put it in my desk.   I did not know what the contents were and he did not tell me.   I kept it till a short time after his death.   I kept the paper till Mr. Haskell died.   When I heard of his death I thought of this paper. I then enclosed it in an envelope and sent it to Joseph Haskell, Jr., the defendant.   I think this is the paper."

Edwin Buttrick testified that he was administrator on the estate of Joseph Haskell; that he sent for Joseph Haskell, Jr., to show the effects of the deceased, to be appraised, and the defendant pointed out the farm demanded in the writ as part of the property to be appraised.

The plaintiffs objected that there was no competent evidence that the deed was delivered so as to vest the title in the defendant.

The defendant offered to show that about two months before he died, Joseph Haskell declined to sell the farm demanded, upon the ground that he had conveyed it to the defendant, and that he could not sell it, to which the plaintiffs objected.

The plaintiffs offered to show that Joseph Haskell frequently said, after this deed was made, that it was of no validity and conveyed nothing; to which the defendant objected.

The cause was taken from the jury by consent, in order to settle the legal questions raised on the trial.

*Cushing, Woodward & Wellington*, for plaintiffs.

*Wheeler & Faulkner*, for defendant.

Smith, J.   Since the decision in *Cook* v. *Brown*, 34 N. H. 460, (overruling *Shed* v. *Shed*, 3 N. H. 432,) it must be regarded as the established doctrine of this State, that placing a deed in the hands of a third person is not a good delivery, unless the grantor parts with his dominion over the deed.   If the grantor continues till his death to have the right to recall the deed from the depositary, there is no delivery. See, also, *Bank* v. *Webster*, 44 N. H. 269; *Johnson* v. *Farley*, 45 N. H. 505.

In *Winkley* v. *Foye*, 33 N. H. 171, it was held, in accordance with what we understand to be the general rule, that a party who deposits money with another, to be appropriated for the benefit of a third person, being under no legal obligation so to appropriate it, has a right to countermand the appropriation, and recall the money at any time before it has been actually appropriated, or before such an arrangement has been entered into between the depositary and the person for whose benefit it was deposited, as creates a privity between them, and amounts to an appropriation of it; anything short of this is immaterial and unimportant, so far as concerns the depositor's right to recall and recover back his money; see, also, *Perry's Petition*, 16 N. H. 44, p. 46.   No reason

is perceived why the same principle should not apply to the deposit of a deed. In the present case, there is no evidence of any arrangement between the depositary and the grantee, creating any privity between them. On the contrary, it would seem, from the testimony of the grantor's administrator, that the grantee never knew of the existence of the deed till after the grantor's death. The grantor never lost his right to control the deed, and could have maintained trover for it against the depositary after a demand and refusal.

Under the above decisions in this State, we must hold that there is nothing in the testimony of Dr. Caverly and Mr. Buttrick, from which a jury could find a delivery to the defendant; and if no further testimony than that of these two witnesses should be introduced upon a subsequent trial, it will then be the duty of the court to direct a verdict for the plaintiffs.

There are reported decisions in this State, and elsewhere, which may seem to imply that the validity of a delivery in a case like the present, depends solely upon the grantor's intention; see *Parker, C. J.*, in *Hayes* v. *Davis*, 18 N. H. 600, p. 602; *Wilcox, J.*, in *Boody* v. *Davis*, 20 N. H. 140, p. 142–3; *Parker* v. *Dustin*, 22 N. H. 424; *O'Kelly* v. *O'Kelly*, 8 Met. 436. But where, as in this case, there is no question of estoppel, it is difficult to see how the grantor's intention to part with all dominion over the deed, (supposing such intention to have existed,) can avail the grantee, if no act has been done which will in law be regarded as carrying out this intention, and as barring his right to recall the deed. If a grantor, after demand and refusal, should bring trover against a depositary who had had no communication with the grantee, the depositary could not set up the defence that the grantor, when he gave him the deed, did not intend to retain the right to recall it. The grantor has a right to change his mind and recall the deed at any time before the depositary has entered into an arrangement with the grantee to hold it for him, or deliver it to him. The fact, that, in this instance, the grantor did not recall the deed, is immaterial. If he had the right to recall it, there was no delivery. *Cook* v. *Brown, ubi sup.*

The declarations of Joseph Haskell, senior, if relevant to the issue, are competent evidence for the defendant against these plaintiffs claiming as his heirs at law. "The admissions of the person under whom a party claims, made while he is alleged by such party to have held the title, are evidence against such party." *Morrill* v. *Foster*, 33 N. H. 379; *Little* v. *Gibson*, 39 N. H. 505; *Hurlburt* v. *Wheeler*, 40 N. H. 73; *Hodges* v. *Hodges*, 2 Cush. 455; see, also, *Hobbs* v. *Cram*, 22 N. H. 130. The plaintiffs, claiming as heirs at law, allege the title to have been (as the possession is admitted by both parties to have been,) in Joseph Haskell, senior, to the day of his death. If, however, the statement "that he had conveyed it to the defendant," was merely a statement of the grantor's understanding of the legal effect of the acts stated in Dr. Caverly's testimony, it is immaterial. It does not appear to have been said to the depositary or to the grantee, and could not make or perfect a delivery, if there had been none before. The evidence should be submitted to the jury with instructions to disregard it

unless they find that it relates to other or further transactions, than those detailed by Dr. Caverly.

The declarations of Joseph Haskell, senior, offered by the plaintiffs, are not evidence against this defendant, if made after the deposit of the deed with Dr. Caverly. It is true that both parties claim under the declarant; but the defendant's claim dates from the deed; not, like the plaintiffs', from the death of the declarant.

The defendant is bound by all his grantor's declarations up to the time of the alleged grant, on the ground that his grantor and he are identified in interest. But this identity ceases when the conveyance is made, for it then becomes the interest of the grantor to limit and defeat the operation of his conveyance. If the subsequent declarations of the grantor are admissible in behalf of his heirs, they would have been equally so in behalf of himself, thus giving him the power of indirectly revoking his own grant. By a conveyance, a grantee succeeds to the title as qualified by the admissions of his grantor, made before the conveyance; but this title is not subject to be impaired or defeated by any subsequent declarations of the grantor. *Hurlburt* v. *Wheeler*, 40 N. H. 73, p. 76–7; *Bartlett* v. *Delprat*, 4 Mass. 702; *Aldrich* v. *Earle*, 13 Gray 578; *Clark* v. *Waite*, 12 Mass. 439; see, also, *Smith* v. *Powers*, 15 N. H. 546.

                                                            *Case discharged.*